CHARLES T. HARVEY, RESPONDENT, *v.* THE WEST–SIDE ELEVATED (PATENTED) RAILWAY COMPANY, APPELLANT.

*Account stated — authority of officer of corporation to make — Account rendered — what necessary to constitute it an account stated.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the amount due upon an account stated. The plaintiff, while vice-president of the corporation defendant asked Mr. Taylor, who was the book-keeper of the corporation, and who also performed the duties of secretary and assistant treasurer thereof, for a copy of his account on the books of the corporation. Thereupon Mr. Taylor gave him a transcript of his account on the ledger. This action is founded solely upon that transcript, which the plaintiff claims is an account stated. The referee sustained such claim and rendered judgment for the plaintiff for the amount which appeared by said transcript to be due him with interest.

The court, at General Term, said : " We think the referee erred. No evidence was given which shows that Mr. Taylor was authorized to render an account to the plaintiff, which should be conclusive on the defendant. Without such authority an account rendered by him would not become binding on the corporation by the acquiescence of the plaintiff. Even if such an authority might be implied from the general duties of a treasurer or assistant treasurer, when such officer had rendered an account to a debtor of the corporation, it by no means follows that actual authority need not be shown when the legal effect of the act would be to liquidate or establish unsettled demands against the corporation. An officer who does not possess the power to create a debt against the corporation directly, cannot do it indirectly by sending an account which shows a balance due to the person to whom it is sent.

In this case, however, Mr. Taylor did not assume to exercise such a power. He sent no account to be acquiesced in or rejected by the plaintiff. His attention was not called to the question whether the account was full or accurate or not. In short, he merely complied

with the plaintiff's request without any intention of binding the corporation. An essential element of an account stated, therefore, is wanting, namely, that it was rendered for the purpose of asserting a claim, or at least of establishing the balance due thereby.

Upon these grounds, namely (1), that no authority in Mr. Taylor to bind the corporation by means of an account stated, was shown; and (2), that Mr. Taylor did not intend or assume to exercise such a power. We think the judgment should be reversed and a new trial granted at the Circuit, with costs to abide the event."

*Dudley Field,* for the appellant. *J. S. Millard,* for the respondent.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed, with costs to abide event, and new trial granted at Circuit.